IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| STATE OF KANSAS et al.<br><br>    Appellants,<br><br>  v.<br><br>PAMELA J. BONDI, in her official capacity as the United States Attorney General, et al.,<br><br>    Appellees. | No. 24-3101 |

**STATUS REPORT**

Pursuant to the Court's order of June 25, 2025, the federal government provides this status report regarding the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)'s review of the rule challenged in this case.

1. In April 2024, ATF issued a rule addressing, inter alia, the circumstances under which individuals are required to obtain a federal firearms license because they are "engaged in the business" of dealing in firearms. 18 U.S.C. §§ 921(a)(21), 922(a)(1)(A); *see* Definition of "Engaged in the Business" as a Dealer in Firearms, 89 Fed. Reg. 28,968 (Apr. 19, 2024). Plaintiffs challenged the rule and sought a preliminary

injunction, which the district court denied. *See* App. Vol. 3 at 1-15. Plaintiffs appealed, and the Court set oral argument for March 18, 2025. The federal government moved the Court to postpone argument and put the case in abeyance pending review of the challenged Rule. The Court granted the federal government's motion on February 20, 2025, placed the case in abeyance for 120 days, and ordered the federal government to update the Court on the status of the review of the Rule every 60 days. On June 20, 2025, the government moved for the Court to place the case in abeyance pending review of the challenged Rule. The Court granted the motion and directed the government to provide status reports every 60 days.

    2. As the government has previously explained, on April 7, 2025, the Department of Justice and ATF announced "plans to revisit" the rule at issue in this case and "revis[e] the guidelines for determining who is considered 'engaged in the business' of selling firearms." *See* Bureau of Alcohol, Tobacco, Firearms and Explosives, DOJ, ATF Repeal FFL Inspection Policy and Begin Review of Two Final Rules (April 7, 2025), https://www.atf.gov/news/press-releases/doj-atf-repeal-ffl-inspection-policy-and-begin-review-two-final-rules. As the government

advised in its previous status report, ATF is preparing a notice of proposed rulemaking on the same subject matter as the Engaged in the Business rule.  Given that ongoing rulemaking process, it is appropriate that this case remain in abeyance until that process is complete.  The government will continue to update the Court with status reports at least every 60 days.

    3.  A continued abeyance is particularly appropriate in light of the ongoing lapse in appropriations.  At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed.  The Department does not know when funding will be restored by Congress.  In addition, most of ATF's Office of Regulatory Affairs has been furloughed.  Because of this, ATF is limited in its ability both to complete the revision and review of the proposed regulation and to ensure publication of the notice of proposed rulemaking in the Federal Register.

Respectfully submitted,

MICHAEL S. RAAB
BRAD HINSHELWOOD
 /s/ Steven H. Hazel
Steven H. Hazel
Attorneys, Appellate Staff
Civil Division, Room 7217
U.S. Department of Justice
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530
(202) 514-2498
steven.h.hazel@usdoj.gov

*Counsel for Appellees*

October 20, 2025

# CERTIFICATE OF SERVICE

I certify that on October 20, 2025, I electronically filed this status report with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Steven H. Hazel*
Steven H. Hazel